**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Michelle Pettry,** | ) | **CASE NO. 1:14 CV 712** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Sigma-Aldrich, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon plaintiff's Motion to Remand (Doc. 6). The issue in this matter is whether the resident of Ohio was fraudulently joined in order to destroy diversity. For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Michelle Pettry filed her Complaint in the Cuyahoga County Common Pleas Court against defendants Sigma-Aldrich, Annie Harlan, Brandi Williams, and Brian Wahlquist. Defendants removed to this Court on the basis of diversity jurisdiction. The Complaint alleges the following in relevant part.

1

Plaintiff was an employee of defendants. Defendant Harlan (the only Ohio defendant) was an employee of Sigma-Aldrich "in the Human Resources Department and was responsible for monitoring, investigating, and/or supervising plaintiff's employment and employment related claims. Defendant Harlan had the authority to terminate or influence the decision to terminate plaintiff's employment" with Sigma-Aldrich. Williams was an employee of Sigma-Aldrich in the Internal Audit Division. Walquist was an employee of Sigma-Aldrich as in-house counsel. Plaintiff uses the same verbiage to describe Williams's and Walquist's authority over her as Harlan had.

In 2012, plaintiff made a complaint to defendants about being sexually harassed at work by fellow employees. Between August and September 2013, plaintiff complained to Sigma Aldrich about receiving sexually harassing notes. In August 2013, plaintiff told Harlan about an offensive letter she received on her desk and on her car. In an August 2013 email, Harlan told plaintiff that she believed the letters were invasive and harassing. Plaintiff reported the letters to the police. In September 2013, plaintiff received another note on her desk. She informed her boss, Andy Huttman, who informed his supervisors, Mike Mitchell and Harlan. Harlan told plaintiff not to call the police and that the note belonged to the company since it was found on its property. Harlan confiscated the note. Plaintiff called the police and a detective arrived at Sigma Aldrich. "The demeanor of defendant Harlan drastically changed after plaintiff contacted the police, and plaintiff's supervisors were visibly upset." In October 2013, plaintiff was questioned by Williams and Walquist in an aggressive and intimidating manner and accused plaintiff of lying. Walquist and Williams thereafter told Sigma Aldrich and Harlan that plaintiff had confessed to everything. Walquist,

Williams, and Harlan knew they were going to terminate plaintiff before they questioned her. In October 2013, defendants sent plaintiff a letter terminating her employment for making false claims and falsifying documents.

The Complaint sets forth ten claims. All are state law claims. Count One alleges sexual harassment.  Count Two alleges hostile work environment. Count Three alleges that defendants retaliated against her.  Count Four alleges defendants committed false imprisonment.  Count Five alleges a violation of O.R.C. § 4113.52. Count Six alleges that Harlan, Williams, and Walquist tortiously interfered with her employment.  Count Seven alleges all defendants breached a public policy.  Count Eight alleges that Sigma-Aldrich is liable under the theory of *respondeat superior*.  Count Nine alleges emotional distress. Count Ten alleges punitive damages.

This matter is now before the Court upon plaintiff's Motion to Remand.

**Standard of Review**

Under 28 U.S.C. § 1447(c), a case originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which it was removed lacks subject matter jurisdiction. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 496-97 (6th Cir. 1999) ("In a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory...."). The determination of federal jurisdiction in a diversity

case is made as of the time of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists. Id. at 453-54.

3

"Where federal jurisdiction is based on diversity, diversity must be complete. A removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. *Spizizen v. national City Corporation,* 516 Fed.Appx. 426 (6th Cir. 2013) (citations omitted) "To prove fraudulent joinder, the removing defendant must show that the plaintiff did not have a colorable cause of action against the defendant in state court." *Id.* (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488 (6th Cir.1999)).

### **Discussion**

Plaintiff argues that there is no diversity as Harlan was properly joined. Defendants argue that Harlan was fraudulently joined to destroy diversity jurisdiction. The question is whether there is a colorable cause of action against Harlan.

Count One alleges sexual harassment under the Ohio Revised Code. Count Two alleges hostile work environment harassment. Count Three alleges plaintiff engaged in protected activity under O.R.C. § 4112.02 when she reported to defendants the sexual harassment she was receiving in the workplace and that defendants retaliated against her when they terminated her in violation of the statute. Defendants assert that while supervisors may be held individually liable under Ohio's anti-discrimination statute, plaintiff has not alleged that Harlan was plaintiff's supervisor, but rather she "was responsible" for "monitoring, investigating, and/or supervising" plaintiff and "had the authority" to "terminate or influence the decision to terminate" plaintiff. Such equivocation, defendants contend, does not amount to an allegation that Harlan was plaintiff's supervisor. Additionally, defendants point out that the Complaint alleges, "The demeanor of defendant Harlan drastically changed after plaintiff contacted the police, and plaintiff's supervisors were visibly upset."

4

Defendants assert that this "disjunctive sentence structure" separates Harlan from plaintiff's supervisors and shows that Harlan was not one of plaintiff's supervisors. Thus, defendant maintains, in the absence of a specific allegation that Harlan was plaintiff's supervisor, or supporting specific examples of Harlan's authority over the terms of plaintiff's employment, plaintiff has not shown that Harlan was a supervisor. Rather, the Complaint only shows that Harlan was simply a human resources generalist to whom plaintiff made her complaints and who escorted plaintiff to the interview with Williams and Walquist.

The Court finds that the Complaint states a colorable claim against Harlan. As defendants point out, "A supervisor is an individual who serves in a supervisor position and exercises significant control over plaintiff's hiring, firing[,]or conditions of employment." *Newton v. Ohio Department of Rehabilitation and Correction*, 496 Fed.Appx. 558 (6th Cir. 2012) (citing *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796 (6th Cir. 1994)). The Complaint alleges that Harlan was responsible for, among other things, supervising plaintiff's employment. Additionally, she had the authority to terminate plaintiff. The Complaint also alleges that defendants knew they were going to terminate plaintiff before they questioned her (Compl. ¶ 46), defendants sent plaintiff a letter terminating her employment (Compl. ¶ 48), and defendants wrongfully terminated plaintiff in retaliation for making a sexual harassment claim (Compl. ¶ 52). Count Three also alleges that "defendants retaliated against her and terminated her position." The Court has to assume that, as one of the defendants, Harlan participated in the termination of plaintiff.

Having found that at least Count Three states a colorable claim against Harlan in state court, the Court need not proceed further to an analysis of the remaining claims.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Remand is granted.

IT IS SO ORDERED.


                                                /s/ Patricia A. Gaughan
                                               PATRICIA A. GAUGHAN
Dated: 6/3/14                          United States District Judge